UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, a New York Corporation<br><br>        Plaintiff<br><br>v.<br><br>PENSACOLA STEVEDORE COMPANY, INC., PATE STEVEDORE COMPANY, INC., CHAD EVERETT LANGHAM, LAUREN ARD LANGHAM, individually and as mother and next friend of GILLIAN GRACE LANGHAM and EMMA KATE LANGHAM, minors, JASON CARL SHIPP, JENNIFER LYNN SHIPP, individually and as mother and next friend of CAROLINE ELIZABETH SHIPP and SARAH LYNN SHIPP, minors, WILLIAM G. MAYO, DEBORAH H. MAYO, JOHNNY F. IRBY, CARLOS F. WARD, BEVERLY A. WARD, ROBERT WHITE, WANDA WHITE, KENDALL WHITE, REBECCA WHITE, JOSEPH HAYES and SELENA HAYES,<br><br>        Defendants. | Civil Action No.: **1:10-CV-00305-CB-N** |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P . 26(f), a meeting was held on September 2, 2010 at the offices of Hand Arendall LLC in Mobile, Alabama and by conference call and was attended by:

| | |
|---|---|
| Blane H. Crutchfield<br>Norman M. Stockman<br>Hand Arendall LLC<br>P.O. Box 123<br>Mobile, Alabama 36601<br>**Attorneys for Plaintiff**<br>**American Home Assurance Company** | Jonathon R. Law<br>Daniell, Upton, Perry & Morris, P.C.<br>P.O. Box 1800<br>Daphne, AL 36526-1800<br>**Attorney for the Langhams, Shipps,**<br>**Mayos, Irby, Wards, and Whites**<br>**Defendants** |

1

| | |
|---|---|
| Laurie E. Dugoniths<br>The Johnson Firm LLC<br>One Buckhead Plaza<br>3060 Peachtree Road, NW, Suite 1050<br>Atlanta, GA 30305<br>**Attorney for Plaintiff**<br>**American Home Assurance Company** | Stephen Wright Mullins<br>Luckey & Mullins, PLLC<br>P.O. Box 990<br>Ocean Springs, MS 39566<br>**Attorney for Defendants Joseph and**<br>**Selena Hayes** |

David M. O'Brien
Sirote & Permutt, P.C.
One St. Louis Street, Suite 1000
Mobile, AL 36602
**Attorney for Defendant Pensacola**
**Stevedore Company, Inc. and Pate**
**Stevedore Company, Inc.**

The parties **do request** a conference with the court before entry of the scheduling order to work out with the Court issues concerning timing for amendments to the Complaint that may be necessitated by new claims and/or lawsuits that are anticipated against Pensacola Stevedore Company, Inc. and Pate Stevedore Company, Inc. (collectively referred to as "Pate").

    1.    **Plaintiff's Narrative Statement:** American Home Assurance Company ("American Home") has filed the subject Declaratory Judgment action seeking a declaration that it has no coverage obligation (i.e. owes no duty to defend and/or indemnify) to Pate under American Home Policies Nos. E76403, E76404, E76405, E76406, E76407 and E098106 with respect to the claims being asserted against Pate by all of the Claimants identified in the Complaint concerning defective drywall that allegedly released corrosive hydrogen sulfide gas emissions harming person and property. Those American Home Policies provide Pate with Comprehensive Marine Liability and Marine Terminal Operator's Legal Liability insurance coverage subject to certain terms, conditions, limitations and exclusions for Pate's operation of their stevedore business in the Pensacola, Florida area. The Claimants have individually and/or

2

jointly initiated legal actions or otherwise served demands upon Pate that demand Pate assume liability for property damage and bodily injury arising out of Pate's sale of the defective drywall.

Count I of the Plaintiff's Complaint seeks a declaratory judgment that American Home has no obligation to defend or indemnify Pate under the referenced Policies for any of the liability alleged against it by the Claimants. Counts II through XIII seek similar relief specific to the individual terms, conditions, limitations and exclusions of the Policy. Counts XIV and XV are plead in the alternative and seek guidance with regard to the limitations on coverage should the Court decide that coverage exists to some extent. Plaintiff believes the issues involved herein are susceptible to resolution through dispositive motion.

**Defendant Pensacola Stevedore Company, Inc. and Pate Stevedore Company, Inc.'s Narrative Statement:**

Pensacola Stevedore Company, Inc. and Pate Stevedore Company, Inc. (hereinafter collectively referred to as "Pate") have fully complied with the terms and conditions of the insurance policies referenced in the Complaint and are owed a defense and indemnity with respect to the claims of the individual homeowner Defendants. The terms, conditions and exclusions of said insurance policies relied on by Plaintiff in denying its obligation to indemnify and defend Pate are inapplicable under the circumstances of this case. Moreover, Plaintiff has waived such terms, conditions and exclusions and is estopped from relying on the same.

**The Langhams, Shipps, Mayos, Irby, Wards, Whites and Hayes Defendants' Narrative Statement:**

The Langhams, Shipps, Mayos, Irbys, Wards, Whites and Hayes (hereinafter collectively referred to as the "Homeowner Claimants") initiated civil actions against the Pate Defendants arising out of damages the Homeowner Claimants allege to have sustained caused by Chinese drywall (also referred to as "Problem Drywall" by the Consumer Product Safety Commission).

3

The terms, conditions and exclusions of the insurance policies relied on by Plaintiff in denying its obligation to indemnify and defend Pate are inapplicable under the circumstances of this case. Moreover, Plaintiff has waived such terms, conditions and exclusions and is estopped from relying on the same.

2. This non-jury action should be ready for trial by September 2011 and at this time is expected to take approximately 4-5 days**.**

3. The parties request a pretrial conference in August 2011.

4. **Discovery Plan**: Discovery will be needed on the following subjects:

   a. The allegations and claims in Plaintiff's complaint and Defendants' counterclaim;

   b. The defenses and denials in Defendants' answer to the complaint and in Plaintiff's answer to the counterclaim;

   c. The relief and/or damages sought in the complaint and counterclaim.

   d. The allegedly damaged homes, inspections of the subject homes and drywall, the parties' contracts, agreements, correspondence and communications concerning the drywall and homes.

   e. Any injuries and damages complained of by any defendant, medical examinations, reports, correspondence and communications concerning such injuries.

All discovery will be commenced in time to be completed by June 15, 2011.

5. **Initial Disclosures**: The parties will exchange by September 23, 2010, the information required by FED. R. CIV. P. 26(a)(1).

6. As any suits or claims made against Pensacola on account of allegedly defective drywall must necessarily be addressed in the present litigation and the parties have no control

over when such suits will be filed or when claims may be asserted, the parties request until February 1, 2011 to join additional parties and amend the pleadings. Plaintiff agrees that any amendments to the Complaint adding new parties or arising out of any such new suits or claims will be made within 30 days from the date of notice of the service of a new suit or the tender of a new liability demand upon Pate is provided to the Plaintiff.  The parties propose this deadline for filing amended complaints in an attempt to address the unpredictability with regard to third parties serving demands and initiating suits against Pensacola and the need for those demands and suits to be addressed in this litigation.  With that understanding the parties also recognize that additional parties may not be identified until after the February 1, 2011 deadline and that further requests for amendments would then need to be submitted to the Court.  The parties request until January 1, 2011 to make all other amendments.

> 7. Reports of retained experts under Rule 26(a)(2) are due:
>
> From Plaintiff and Counterclaim Plaintiffs by March 1, 2011; and
>
> From all other Defendants by April 1, 2011.
>
> Plaintiff's rebuttal experts, if any, to be disclosed by April 15, 2011.
>
> Experts to be deposed within the discovery period.
>
> 8. **Pre-Trial Disclosures**:  Final list of witnesses and exhibits under Rule 26(a)(3)

are due 30 days before trial.

> 9. **Discovery Limits**:  Unless modified by stipulation of the parties:
>
> > **Interrogatories**:  Maximum of thirty (30) interrogatories by each party to the other; Responses due thirty (30) days after service.
> >
> > **Request for Admission**:  Maximum of thirty (30) requests for admissions by one party to the other; Responses due thirty (30) days after service.

        **Request for Production**:  Maximum of sixty (60) requests for production by each party to the other; Responses due thirty (30) days after service.

        **Depositions**:  The Plaintiff is permitted to depose each party, their retained expert(s) and up to ten (10) other non-party witnesses prior to seeking permission from the Court for additional depositions.  The Defendants are permitted to depose the Plaintiff's representatives as well as each of the Plaintiff's retained experts, with each being made available for one deposition to be taken by or on behalf of all of the defendants at one time. The defendants are also permitted to depose up to ten (10) other non-party witnesses prior to seeking permission from the Court for additional depositions. Each deposition is limited to seven (7) hours per Rule 30(b)(2) unless extended by agreement of the parties.

10.    **Dispositive Motions**:  All potentially dispositive motions must be filed by July 1, 2011.

11.    **Settlement**:  The parties intend to discuss settlement proactively and to the extent this is not successful, the parties will notify the Court concerning the use of alternative dispute resolution.

12.    **Other:** To the extent it exists, relevant, non-privileged electronically stored information (ESI) will be produced by the parties in PDF, TIFF, or hardcopy format, to enable the parties to exchange discoverable information without undue burden or costs.  A requesting party may obtain relevant, non-privileged electronic information in a format other than PDF, TIFF, or hard copy upon agreement by the parties or a showing of substantial need to the Court for such information in that format.  The producing party shall bear the cost of production of

electronically stored information (except for copy costs if hard copies are produced), unless the producing party determines that the cost of production will be unduly burdensome or unduly expensive.  If the cost of such production is unduly burdensome or unduly expensive, the requesting party shall bear the costs of producing the electronically stored information.  The producing party will inform the requesting party of any determination that the cost of production is unduly burdensome or unduly expensive in advance of production to allow the parties to seek resolution by the Court of any disagreements.  The parties will agree to the entry of any order regarding claims of privilege or for protection with respect to the inadvertent production of any privileged material that will allow the producing party to claw back such inadvertently produced document and will further require that any such party produce a privilege log as to any such document.

Dated this 3rd day of September 2010.

/s/ Norman M. Stockman
Blane H. Crutchfield
Norman M. Stockman
Hand Arendall LLC
P.O. Box 123
Mobile, Alabama 36601
Tel: (251) 432-5511
Email: bcrutchfield@handarendall.com
         nstockman@handarendall.com
**Attorneys for Plaintiff**
**American Home Assurance Company**

/s/ Jonathon R. Law [with permission]
Jonathon R. Law
David F. Daniell
Daniel, Upton, Perry & Morris, P.C.
P.O. Box 1800
Daphne, AL 36526-1800
Tel: (251) 625-0046
Email: jrl@dupm.com
**Attorney for the Langhams, Shipps, Mayos, Irby, Wards, and Whites Defendants**

/s/ Laurie E. Dugoniths [with permission]
C. Michael Johnson
Laurie E. Dugoniths
The Johnson Firm LLC
One Buckhead Plaza
3060 Peachtree Road, NW, Suite 1050
Atlanta, GA 30305
Tel: (404) 442-8834

/s/ Stephen W. Mullins [with permission]
Stephen Wright Mullins
Luckey & Mullins, PLLC
P.O. Box 990
Ocean Springs, MS 39566
Tel:  (228) 875-3175
Email: jackfish28@aol.com
**Attorney for Defendants Joseph and**

7

Email: ldugoniths@thejohnsonfirm.com          Selena Hayes
**Attorneys for Plaintiff**
**American Home Assurance Company**

/s/ David M. O'Brien [with permission]
David M. O'Brien
Sirote & Permutt, P.C.
One St. Louis Street, Suite 1000
Mobile, AL 36602
Tel:  (251) 432-1671
Email: dobrien@sirote.com
**Attorney for Defendant Pensacola Stevedore Company, Inc. and Pate Stevedore Company, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2010 I electronically filed a copy of the above and foregoing **REPORT OF PARTIES' PLANNING MEETING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record as follows:

| David M. O'Brien | Stephen Wright Mullins |
| Sirote & Permutt, P.C. | Luckey & Mullins, PLLC |
| One St. Louis Street, Suite 1000 | P.O. Box 990 |
| Mobile, AL 36602 | Ocean Springs, MS 39566 |
| Email: dobrien@sirote.com | Email: jackfish28@aol.com |
| **Attorney for Pensacola Stevedore Company, Inc. and Pate Stevedore Company, Inc.** | **Attorney for Joseph and Selena Hayes** |

Jonathon R. Law
Daniell, Upton, Perry & Morris, P.C.
P.O. Box 1800
Daphne, AL 36526-1800
Email:jrl@dupm.com
**Attorney for the Langhams, Shipps, Mayos, Irby, Wards, Whites, Harms and Reynolds**

                                                                /s/ Norman M. Stockman